**EVERGREEN INTERNATIONAL, S.A., Plaintiff,**

v.

**MARINEX CONSTRUCTION COMPANY, INC. and Norfolk Dredging Company, Inc., Defendants.**

**C.A. No.: 2:04–22351–PMD.**

United States District Court, D. South Carolina, Charleston Division.

March 9, 2007.

**698**

Gordon D. Schreck, Julius H. Hines, Sean Houseal, Buist Moore Smythe and McGee, Charleston, SC, for Plaintiff.

Paul Francis Tecklenburg, Rivers Thomas Jenkins, III, Tecklenburg Law Firm, Charleston, SC, David Harlin Sump, Crenshaw Ware and Martin, Norfolk, VA, for Defendants.

### ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff Evergreen International, S.A.'s ("Evergreen") motion for partial summary judgment.

On the morning of September 30, 2002, Evergreen's container vessel EVER REACH came into contact with a submerged dredge pipeline placed across the Cooper River by Norfolk Dredging Company, Inc ("NDC"). The contact with the dredge pipe resulted in extensive damage to the EVER REACH's hull, as well as the release of fuel oil into the Cooper River. Evergreen has since incurred expenses to repair the vessel's hull, to remove oil from the Cooper River, to resolve the claims of various third parties whose vessels or property was affected by the oil spill, and to assess damages to the environment.

On September 24, 2004, Evergreen filed this action against Marinex and NDC.[1] In brief, Evergreen claims that NDC's dredge pipe was improperly positioned and inadequately marked and constituted an unlawful obstruction to navigation. Evergreen seeks to recover for the hull repair expenses, oil spill clean up costs, third party settlement expenditures, and other losses incurred in connection with the incident.

Evergreen submits that the amounts of damages it seeks in this case are, to a great extent, liquidated and beyond dispute. Evergreen has filed a motion for partial summary judgment pursuant to Rule 56(d) seeking a determination that these amount of damages are not in genuine dispute, but Evergreen does not attempt to dispose of any particular claim in its entirety.

■ Evergreen's motion fails for a variety of reasons, the most obvious of which is that it is an improper usage of Fed. R.Civ.P. 56. Rule 56(a) provides: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In addition, if a summary judgment motion fails and some or all of the claims must be tried, Rule 56(d) allows the court to issue an order specifying that certain facts are uncontroverted so that the trial can focus only on those points in dispute. *See Limehouse v. Resolution Trust Corp.*, 862 F.Supp. 97,

---

**1.** The court dismissed the claims against Defendant Marinex Construction Company, Inc.

by Order dated March 2, 2007.

102 (D.S.C.1994) (noting that narrowing scope of issues for trial by partial summary judgment under Rule 56(d) is appropriate); *see also* 11 Moore's Fed. Prac. § 56.40[2].

Evergreen asserts that the language of Rule 56(a) and (d) allows it to seek summary judgment on select elements of claims and not on the entire claim. Courts have consistently declined to read Rule 56 in the manner suggested by Evergreen. *See Nye v. Roberts*, 159 F.Supp.2d 207, 210 (D.Md.2001); *City of Wichita v. United States Gypsum Co.*, 828 F.Supp. 851, 868–69 (D.Kan.1993); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F.Supp. 506, 508–09 (N.D.Ill.1985); *Felix v. Sun Microsystems, Inc.*, 2004 WL 911303 (D.Md. April 12, 2004). Rules 56(a) and 56(b) (which applies to defendants bringing summary judgment motions) do not allow the "piecemealing" of a single claim. *Arado*, 626 F.Supp. at 509. The "all or any part" language in Rule 56(a) authorizes the granting of summary judgment with respect to all claims in an action or only some claims in a multiple claim action. *City of Wichita*, 828 F.Supp. at 869; *Arado*, 626 F.Supp. at 509. A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim. *Id.* Moreover, a party may not attempt to use Rule 56(d) to evade the restriction in Rule 56(a) because Rule 56(d) does not authorize independent motions to establish certain facts as true. *Nye*, 159 F.Supp.2d at 210; *City of Wichita*, 828 F.Supp. at 869; *Arado*, 626 F.Supp. at 509. Rule 56(d) is merely a mechanism to salvage some of the constructive results of the judicial efforts made in denying a proper summary judgment motion. *Id.*

In this case, the facts and conclusions Evergreen wishes to establish would not dispose of any of its claims entirely. As a result, the motion must fail simply for its improper form.

**AND IT IS SO ORDERED.**