James **MATHEWSON,** Plaintiff,

v.

The **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** Defendant.

C.A. No. 2:06–cv–00575–PMD.

United States District Court, D. South Carolina, Charleston Division.

June 20, 2007.

Andrew Kenneth Epting, Jr., Andrew K. Epting Jr. Law Office, George J. Kefalos, George J. Kefalos Law Office, Charleston, SC, for Plaintiff.

John H. Tiller, Wendy J. Keefer, Haynsworth Sinkler Boyd, Charleston, SC, Jeffrey M. Landau, John E. Meagher, Shutts and Bowen, Miami, FL, for Defendant.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Plaintiff James Mathewson's ("Plaintiff") Motion for Partial Summary Judgment.

### BACKGROUND

The facts, considered in the light most favorable to Defendant Lincoln National Life Insurance Company ("Lincoln National"), are as follows:

Plaintiff has been employed as a chiropractor since 1989. Beginning in the early 1990's, Plaintiff also began working as a real estate investor. Plaintiff solicited investments from third parties for the purpose of purchasing real property and selling it at a profit for the investors. In exchange for his services, the investors paid Plaintiff a fee. By 2002, the funds Plaintiff earned from his real estate investments far exceeded his income from his occupation as a part-time chiropractor.

In 1994, Plaintiff applied for and obtained Disability Income Insurance Policy No. 15–6130039 (the "Policy") from Lincoln National.[1] The Policy included an "Extended Own Occupation Benefit Rider" which provided that "Total Disability" means that "due to injury or sickness: (a) You are unable to perform the substantial and material duties of Your Occupation; and (b) You are under a Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to you."[2] The Policy defines "Oc-

1. At the same time, Plaintiff also applied for and obtained Business Overhead Expense Disability Policy No. 15–613004 (the "BOE Policy"). Plaintiff does not make a claim under this policy.

2. This "Extended Own Occupation Benefit Rider" amended the Policy to which it was attached by replacing the Policy's definition of "Total Disability" with the definition above. The Policy's definition of Total Disability is as follows:

"**Total Disability**" before benefits have been paid for 24 months for a Period of Disability means that due to Injury or Sickness:
   a. You are unable to perform the substantial and material duties of Your Occupation and

   b. You are under a Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.

After benefits have been paid for 24 months for a Period of Disability, Total Disability means that due to Injury or Sickness:
   a. You are unable to perform the substantial and material duties of Your Occupation;
   b. You are not engaged in any other gainful occupation; and
   c. You are under a Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.

cupation" as "the occupation (or occupations if more than one) in which You are engaged at the start of Your disability." On the application for the Policy, Plaintiff listed his occupation as "chiropractor" and his exact duties as "chiropractic manipulations."

On July 17, 2002, Plaintiff aggravated a preexisting neck injury when he was adjusting a patient in his office. As a result of this injury, he was unable to return to work. On September 23, 2002, Plaintiff underwent surgery, which consisted of an anterior cervical diskectomy at C5–6, C6–7 of his neck. In October of 2002, Plaintiff filed a Proof of Loss for Individual Disability Benefits with Lincoln National, claiming he was disabled from the practice of chiropractic medicine as a result of his neck injury. Lincoln National conducted a preliminary investigation into the claim and determined Plaintiff was entitled to full benefits from the time of his surgery until March 31, 2003, which was the time estimated for Plaintiff's recovery. Lincoln National also retroactively granted Plaintiff partial disability benefits beginning in November 2001. The last benefit payment under the Policy was for the period ending March 31, 2003.

In April 2003, Plaintiff applied for an extension of his benefits, which Lincoln National denied. In 2005, Plaintiff discovered that the screw which had been inserted during his September 2002 surgery to affix the plates necessary to stabilize his spine had broken. Consequently, Plaintiff underwent a second surgery to repair his cervical spine. Plaintiff claims that the 2002 surgery was not successful and that his neck had never completely healed from this first surgery.

Asserting that the same condition resulted in his continued disability from 2002 until 2006, Plaintiff applied to Lincoln National for benefits for that period. Lincoln National denied coverage on the ground that Plaintiff had dual occupations, as a chiropractor and real estate investor, and was disabled only from his occupation as a chiropractor. Lincoln National reasoned that because Plaintiff was engaged in real estate investment at the start of his disability, and because Plaintiff was still capable of earning income from real estate investment, he was not totally disabled under the terms of the Policy.

On February 24, 2006, Plaintiff filed this action against Lincoln National. Plaintiff asserts Lincoln National wrongfully denied his claim in breach of the insurance Policy and in bad faith. Plaintiff seeks actual and punitive damages, prejudgment interest, attorney's fees, and the costs and distributions of the action.

On April 10, 2007, Plaintiff filed a motion for partial summary judgment seeking a determination that Lincoln National's interpretation of the insurance policies is incorrect as a matter of law, but not attempting to dispose of any particular claim in its entirety. Specifically, Plaintiff seeks a ruling that Plaintiff "need only be disabled from chiropractic (his insured occupation) to qualify for benefits." (Motion for Partial Sum. Judg. at 1.) Plaintiff does not allege that his success on this motion would entitle him to recovery on his claim for bad faith denial of benefits.

### DISCUSSION

█ Most fundamentally, Plaintiff's motion fails because it is an improper usage of Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may … move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In addition, if a summary judgment motion fails and some or

all of the claims must be tried, Rule 56(d) allows the court to issue an order specifying that certain facts are uncontroverted so that the trial can focus only on those points in dispute. *See Limehouse v. Resolution Trust Corp.*, 862 F.Supp. 97, 102 (D.S.C.1994) (noting that narrowing scope of issues for trial by partial summary judgment under Rule 56(d) is appropriate).

Courts have consistently declined to use Rule 56(d) to authorize an independent motion to establish certain facts as true. *See Evergreen Int'l, S.A. v. Marinex Constr. Co., Inc.*, 477 F.Supp.2d 697, 699 (D.S.C.2007) (holding that plaintiff's motion for partial summary judgment on issue of damages was in improper form where facts plaintiff wished to establish would not dispose of any of its claims entirely); *Nye v. Roberts*, 159 F.Supp.2d 207, 210 n. 2 (D.Md.2001) ("A party may not bring a motion under Red.R.Civ.P. 56(d) for relief on part of a claim."); *City of Wichita v. United States Gypsum Co.*, 828 F.Supp. 851, 868–69 (D.Kan.1993) ("A party is not entitled to partial summary judgment if the judgment would not be dispositive of the claim."); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F.Supp. 506, 508–09 (N.D.Ill.1985) ("There's no such thing as an independent motion under Rule 56(d)."); *Felix v. Sun Microsystems, Inc.*, 2004 WL 911303, *7–8 (D.Md.2004). Rules 56(a) and 56(b) (which applies to defendants bringing summary judgment motions) do not allow the "piecemealing" of a single claim. *Arado*, 626 F.Supp. at 509. The "all or any part" language in Rule 56(a) authorizes the granting of summary judgment with respect to all claims in an action or only some claims in a multiple claim action. *City of Wichita*, 828 F.Supp. at 869; *Arado*, 626 F.Supp. at 509.

A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim. *City of Wichita*, 828 F.Supp. at 869. Moreover, a party may not attempt to use Rule 56(d) to evade the restriction in Rule 56(a) because Rule 56(d) does not authorize independent motions to establish certain facts as true. *Nye*, 159 F.Supp.2d at 210; *City of Wichita*, 828 F.Supp. at 869; *Arado*, 626 F.Supp. at 509. Rule 56(d) is merely a mechanism to salvage some of the constructive results of the judicial efforts made in denying a proper summary judgment motion. *Nye*, 159 F.Supp.2d at 210. In this case, the determination that Plaintiff wishes to establish would not dispose of any of Plaintiff's claims entirely. As a result, the motion must fail simply for its improper form.

■ Even if this were not the case, however, the motion would still fail because Plaintiff has not shown that he is entitled to judgment as a matter of law on the issue presented. The issue of whether Plaintiff's involvement in real estate investing at the start of his disability constituted a second occupation is clearly a disputed factual issue.

■ The Policy defines "Occupation" as the occupation or occupations[3] in which the insured is engaged at the onset of his disability. A definition that purports to define the term at issue by using the same term does not provide any guidance for purposes of interpreting the policy. As such, the court must give policy language its plain, ordinary, and popular meaning. *See Schulmeyer v. State Farm Fire and Cas. Co.*, 353 S.C. 491, 579 S.E.2d 132 (2003); *B.L.G. Enter., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 514 S.E.2d 327

---

3. The court notes that the Policy does contemplate the possibility that the insured will have dual or even multiple occupations.

(1999). Under ordinary and plain meaning of the term, an "occupation" is the "principal business of one's life: a craft, trade, profession or other means of earning a living." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1560 (1969).

Plaintiff asserts that the money he makes from his real estate investments is "unearned income" and is therefore not income from an "occupation" and must be excluded. In contrast, Lincoln National asserts that Plaintiff receives fees as payment for his real estate investment services and that therefore his income from this endeavor is "earned income" from a covered occupation. Neither party has provided the court with evidence whereby a factfinder could determine as a matter of law the true nature of the moneys earned by Plaintiff's real estate investments.[4] Accordingly, genuine factual issues exist and this matter is not a proper candidate for summary judgment.

### *CONCLUSION*

For the aforementioned reasons, Plaintiff James Mathewson's Motion for Partial Summary Judgment is **DENIED.**

**AND IT IS SO ORDERED.**

---

4. Attached to his Reply, Plaintiff submits several letters from Lincoln National in which Lincoln National discussed its investigation of Plaintiff's original claim in 2002 and found that Plaintiff's real estate income was "passive rather than earned." (Reply at 2.) Plaintiff asserts this evidence proves that Lincoln National has already made a determination on this issue and is precluded from now arguing that the real estate income constitutes a second occupation.

The court, however, may not consider the exhibits attached to Plaintiff's Reply in making a decision on this motion. Under Rule 56, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence only when referred to or incorporated in the motion for summary judgment. Fed.R.Civ.P. 56(c). The court may not consider any documentary evidence of a type not specified in Rule 56, and therefore can not consider evidence attached to a Reply. 49 CJS *Judgments* § 262.